UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ROBERT BARRY ROBERTS, | Case No. 18-cv-00226-JD |
|---|---|
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION TO APPOINT COUNSEL** |
| JOYCE D. HINRICHS, et al., | |
| Defendants. | Re: Dkt. No. 7 |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.[1] He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

---

[1] While plaintiff has filed this action as a writ of mandamus, a review of the complaint indicates it is more properly brought as a civil rights action under § 1983.

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff states that he received inadequate treatment for his medical needs. Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.[2] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of

---

[2] It appears that plaintiff is a prisoner, but he could be detainee. Regardless, even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees). The Ninth Circuit has determined that the appropriate standard for evaluating constitutional claims brought by pretrial detainees is the same one used to evaluate convicted prisoners' claims under the Eighth Amendment. "The requirement of conduct that amounts to 'deliberate indifference' provides an appropriate balance of the pretrial detainees' right to not be punished with the deference given to prison officials to manage the prisons." *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc) (citation omitted).

an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *Id*. at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id*. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff's claims are difficult to understand. He was previously prescribed 2 mg of Lorazepam from an outside hospital. He states it was not for a mental disorder, but due to extreme stress and anxiety. He states that a jail psychiatrist wanted to prescribe Gabapentin and Seroquel, but plaintiff contends these medications are not appropriate for his stress and anxiety. It is not clear what medication plaintiff was ultimately provided, if any. He also states he was denied treatment for pain management, but provides little detail. For relief plaintiff only seeks that local jails become complaint with the Americans with Disabilities Act.

Plaintiff's complaint is dismissed with leave to amend to provide more information. Plaintiff has described a difference of opinion between himself and a jail psychiatrist, but this fails to state a cognizable federal claim. In an amended complaint he should provide more information concerning what medication he was ultimately provided and how defendant was deliberately indifferent to his serious medical needs. He should also provide more information concerning any other denial of treatment and he must be specific with the relief he seeks.

Plaintiff has also requested the appointment of counsel. The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional

3

circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff has presented his claims within the spectrum of typical pro se litigants, and the issues are not complex. Therefore, the motion to appoint counsel will be denied.

## CONCLUSION

1. The motion to appoint counsel (Docket No. 7) is **DENIED**.

2. The Clerk shall reclassify this case as Nature of Suit: 555.

3. The complaint is **DISMISSED** with leave to amend. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case.

4. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 21, 2018

JAMES DONATO
United States District Judge

United States District Court
Northern District of California

1 UNITED STATES DISTRICT COURT
2 NORTHERN DISTRICT OF CALIFORNIA

ROBERT BARRY ROBERTS,

    Plaintiff,

v.

JOYCE D. HINRICHS, et al.,

    Defendants.

Case No. 18-cv-00226-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 21, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Barry Roberts ID: BKN #18 787
Humboldt County Correctional Facility
826 4th Street
Eureka, CA 95501

Dated: June 21, 2018

          Susan Y. Soong
          Clerk, United States District Court

          By: /s/ Lisa R. Clark
          LISA R. CLARK, Deputy Clerk to the
          Honorable JAMES DONATO